JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-03796-RGK (JEMx) | Date | August 6, 2014 |
|---|---|---|---|
| Title | ***ANTHONY GUTIERREZ v. ASPLUNDH TREE EXPERT CO. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order re:** Plaintiff's Motion to Remand (DE 11)

## I.     INTRODUCTION

On April 4, 2014, Anthony Gutierrez ("Plaintiff") initiated this action in the California Superior Court for the County of Los Angeles, alleging claims for (1) Disability Discrimination, (2) Harassment, (3) Retaliation, (4) Failure to Accommodate, (5) Failure to Engage in the Interactive Process, (6) Wrongful Termination in Violation of Public Policy, (7) Failure to Prevent Discrimination and Harassment, and (8) Violation of the California Family Rights Act. Plaintiff's Complaint named Asplundh Tree Expert Company ("Asplundh"), Marcelino Castillo ("Castillo"), William Ross ("Ross"), and Does 1-50 as Defendants. Plaintiff is a California resident, as are Defendants Castillo and Ross. Asplundh is a citizen of Pennsylvania. On May 16, 2014, Defendants removed the case to this Court on grounds that Defendants Castillo and Ross were fraudulently joined, and that diversity jurisdiction therefore existed. On June 16, 2014, Plaintiff filed a Motion to Remand, arguing that Defendants Castillo and Ross were properly joined, and that this Court accordingly lacks subject matter jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.     FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following facts:

Asplundh is a company that performs tree-trimming services throughout Southern California. Plaintiff was employed with Asplundh from approximately November 2006 until he was terminated in

May 2012. He worked as a Tree Trimmer/Crew Member for approximately two years, as a Planner for approximately one year, and as a General Foreman for approximately three years. Plaintiff competently performed all his duties while working at Asplundh.

### A.  Plaintiff's Work-Related Injuries

In June 2011, Plaintiff sustained an injury to his back while working for Asplundh. Plaintiff reported the injury to Defendant Castillo and informed Defendant Castillo that he needed to see a doctor. Defendant Castillo warned Plaintiff not to report the injury to Asplundh, stating that if it became a workman's compensation issue, Plaintiff would have "problems      with . . . Ross."

Plaintiff received emergency treatment for his injury, and paid for this treatment himself. Thereafter, Plaintiff received further treatments from a chiropractor, which he also paid for himself. Due to Defendant Castillo's warning, Plaintiff did not file a workman's compensation claim, as he feared that he might be terminated if he did so.

Plaintiff again injured his back while working for Asplundh in August 2011 and in May 2012. Plaintiff reported his 2012 injury to Defendant Castillo on May 15, 2012, and informed him that he intended to go to the doctor to have it checked out. Just as before, Defendant Castillo told Plaintiff that he would have "problems with . . . Ross" if he reported his injury.

Following his May 2012 injury, Plaintiff could not walk without pain. Plaintiff asked Defendant Castillo for time off to recover, but he denied Plaintiff's request for paid leave. Plaintiff complained that his injury was not being handled properly. In response, Defendant Castillo stated, "if you file a worker's comp claim, you will have to find another job."

Despite these threats, Plaintiff took a two-day leave of absence to recover. Plaintiff returned to work on May 17, 2012, and reported his injury to Joe Ramirez, Asplundh's Safety Supervisor. Ramirez told Plaintiff that it would not be in his best interest to report his injury as being work-related. He suggested that Plaintiff pay for his hospital bills on his own.

Plaintiff informed Defendant Castillo that he had reported his back injury to Ramirez. Defendant Castillo insisted that Plaintiff had hurt himself at home, but Plaintiff denied this and reminded him that he had previously mentioned the injury to him.

### B.  Defendant Castillo Instructs Plaintiff to Prevent Another Employee from Reporting His Injury

Prior to Plaintiff's 2012 injury, Plaintiff had observed Ramirez and Defendant Castillo discourage an employee named David Breceda ("Breceda") from reporting a work-related injury. Defendant Castillo and other Asplundh Senior Supervisors instructed Plaintiff to make sure that Breceda did not report his injury. They threatened Plaintiff with adverse employment action if he failed to do this. On April 24, 2012, Plaintiff and Defendant Castillo engaged in an argument. Defendant Castillo stated that Breceda was a liability and that Plaintiff needed to find a way to "get rid of him." Plaintiff said that he would not do so.

### C.  Plaintiff is Suspended and Terminated

On May 24, 2012, Defendant Castillo suspended Plaintiff. When Plaintiff called the Asplundh Separations Department, he learned that he had been terminated.

### III.  JUDICIAL STANDARD

In cases based upon removal jurisdiction, the party invoking removal bears the burden of establishing federal subject matter jurisdiction. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986). If there is any doubt as to whether removal was proper, remand is required. 28 U.S.C. § 1447(c).

Subject matter jurisdiction based on 28 U.S.C. § 1332 requires complete diversity between parties and an amount in controversy exceeding $75,000. "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A court may ignore a sham defendant's presence in the lawsuit for purposes of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A party is fraudulently joined, or is a "sham" defendant, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987)).

## IV.   DISCUSSION

Defendants removed the present action to this Court on grounds that Plaintiff fraudulently joined Defendants Castillo and Ross in order to defeat diversity jurisdiction. Defendants seeking removal to federal court on the basis of fraudulent joinder bear a heavy burden. Not only is there a general presumption against fraudulent joinder, but fraudulent joinder must also be shown by clear and convincing evidence. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Defendants argue that Plaintiff's Complaint does not properly state a cause of action against Defendants Castillo or Ross individually because Plaintiff's allegations against them only relate to management of personnel. Defendants contend that individual supervisors may only be held liable for harassment, and that the conduct alleged only states a claim for discrimination, not harassment. The Court disagrees.

### A.   Plaintiff's Factual Allegations State a Claim for Harassment

Defendants contend that Plaintiff's only relevant factual allegations relate to Defendant  Castillo instructing Plaintiff not to report his injuries as workplace-related and implying that Plaintiff would be terminated if he did so. As the Supreme Court of California has stated, "discrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace," *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Defendants argue that classification of injuries and termination of employees constitute actions of a type necessary to carry out the duties of business and personnel management, and that Plaintiff's factual allegations therefore do not support a cause of action for harassment. As the *Roby* court further explained, however, "[a]lthough discrimination and harassment are separate wrongs, they are sometimes closely interrelated, and even overlapping . . . ." *Id.*

The Supreme Court of California's decision in *Miller v. Department of Corrections*, 36 Cal. 4th 446 (2005), is instructive. In that case, the court considered whether the plaintiffs had pled a cause of action for sexual harassment by alleging that their supervisor had given unwarranted favorable treatment to numerous female employees with whom he was having sexual affairs. The court found that

> although an isolated instance of favoritism on the part of a supervisor toward a female employee with whom the supervisor is conducting a consensual sexual affair ordinarily would not constitute sexual harassment, when such sexual favoritism in a workplace is sufficiently widespread it may create an actionable hostile work environment in which the demeaning message is conveyed to female employees that they are viewed by

management as "sexual playthings" or that the way required for women to get ahead in the workplace is to engage in sexual conduct with their supervisors or the management.

*Id.* at 451. As the *Roby* court observed, "in *Miller* the immediate source of the plaintiffs' alleged injuries was the offensive sex-biased *message* that the supervisor conveyed, not a demotion or an unfavorable job assignment, and therefore the plaintiffs' cause of action was for *harassment*, not for discrimination." *Roby*, 47 Cal. 4th at 708 (emphasis in original).

In this case, Plaintiff has alleged facts that support an inference that Defendant Castillo's conduct created a "biased message." Plaintiff claims that Defendant Castillo repeatedly encouraged him not to report workplace injuries, and that he instructed Plaintiff to prevent another employee from reporting an injury. Plaintiff alleges that his suspension and termination resulted partly from his confrontations with Defendant Castillo regarding these matters. Just as the actions of the *Miller* plaintiffs' supervisor conveyed a message that the way for female employees to advance their careers was to engage in sexual conduct with supervisors, the facts that Plaintiff alleges could support a finding that Defendant Castillo's behavior signaled to Asplundh employees that the way to advance was to keep quiet about work-related disabilities, and to encourage co-workers to do the same. As such, Plaintiff has stated a harassment claim against Defendant Castillo. The Court thus finds that Defendant Castillo is not fraudulently joined. Because there is therefore no basis for removal jurisdiction, the Court remands this case to state court.

## V.    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. The Court remands this case to the California Superior Court for the County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

_____        **:**  _____

**Initials of Preparer**

_____